■ In the Matter of the Claim of MARY DE MATTIA, Respondent, v. LOFT's CANDY CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board which modified a Referee's decision and award and raised the weekly benefits from $12.75 to $20 weekly, pursuant to section 15 (subd. 6, par. [b]) of the Workmen's Compensation Law. Claimant sustained two compensable accidents in 1961. She subsequently returned to work but thereafter filed for compensation for partial disability from August 7, 1963. The Referee found a 75% earning capacity and the resulting 25% continuing partial disability was attributable one half to each accident. A majority of the board panel rescinded the Referee's finding of 75% earning capacity and found such disability resulted in a compensation rate of $20 weekly pursuant to section 15 (subd. 6, par. [b]) of the Workmen's Compensation Law (*Matter of Scharch* v. *Keough*, 23 A D 2d 607, mot. for lv. to app. den. 16 N Y 2d 483). Appellants contend that the evidence does not support a finding of partial disability sufficient to entitle claimant to the $20 weekly award. Upon a review of the entire record we are of the opinion that appellants' contention is correct. The record reveals that claimant was examined by nine doctors. The doctors attributing a classification to the partial disability denote it as "mild". (*Matter of Jagodzinski* v. *Crean Provision Co.*, 22 A D 2d 835.) In *Matter of Scharch* (*supra*) this court affirmed a finding of a $20 minimum reduced earning rate where the record justified such a rate even though the board failed to specifically state whether the rate was based on the minimum (§ 15, subd. 6, par. [b]) or whether the result of a finding of percentage disability (§ 15, subd. 5). The award there was sustainable by the evidence in either event. However, Mr. Justice HERLIHY warned, " When the board rescinds a percentage disability rate, it should set forth the factual basis for its findings and the decision is then more readily reviewable by this court. A conclusory modification by the board cannot be cloaked under the guise of a factual finding." In the instant case the board found that " considering the nature of the injury and the physical impairment " the resulting rate was $20 weekly. Although such a statement has been held sufficient (*Matter of Blum* v. *Jo-Mar Sportswear Co.*, 19 A D 2d 440, 442) where there is evidence in the record of " considerable " disability the instant record does not allow us to sustain such a finding here (*Matter of Jagodzinski, supra*). Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with costs to appellants against the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.